IN THE

# COUNTY OF OXFORD,

## 1849.

MEM.— HOWARD, J. was not present this term.

## THOMAS CLARK *versus* ZEBEDEE PERRY.

There is a breach of covanent, when a stockholder sells shares in a manu-
facturing corporation, and covenants that they were free from all incum-
brance, if the shares of the stockholders were by statute made liable for
the debts of the corporation, and if at the time of the sale, the assets of
the corporation are not equal to its liabilities.

THIS is an action of covenant broken, in the conveyance
by the defendant to the plaintiff, of two shares in a manufac-
turing company. The conveyance was made by a warrantee
deed in the usual form of conveyance of real estate, and con-
tained the usual covenants. The breach relied on, is upon
the covenant, that the shares were free from all incumbrances,
and is alleged to consist in this, that at the time of the con-
veyance, the assets of the company were not equal to their
liabilities.

*R. K. Goodenow*, for plaintiff.

When the conveyance was made, the creditors of the
company had a statute lien on the shares of the individual
stockholders.

The statute of 1836, chap. 200, sec. 3, (concerning corporations,) declares, " that in all corporations hereafter created by the Legislature," (with certain exceptions,) " the shares of the individual stockholders shall be liable."

The shares, when conveyed to the plaintiff, were by force of the statute, pledged to the creditors of the corporation. The assets of the company not being equal to their liabilities, the shares were liable. A title, free from all incumbrances, could not therefore be given.

This lien of the creditors was, as every lien is, an incumbrance, which might or might not be injurious to the plaintiff. It did eventually operate to his prejudice. It is analogous to the lien by judgment in the courts of New York and the Federal Courts. *Jenkins* v. *Hopkins,* 8 Peters, 345.

It belongs to a large class of liens which are deemed in law an incumbrance, as an inchoate right of dower, *Porter* v. *Noyes,* 2 Greenl. 22 ; also, the statute lien for taxes, &c.

*Gerry,* for defendants.

A mere liability to be taken, like other private property of the stockholders, could not constitute a lien upon the shares.

If there was a breach of the covenant against incumbrances, it must have been in *presenti.* *Ellis* v. *Welch,* 6 Mass. 246 ; *Bond* v. *Appleton,* 8 Mass. 472.

The covenants in the deed are to be construed with reference to the nature of the property conveyed. Mere remote liability, uncertain and contingent, that may or may not ever become operative, depending entirely upon the success of business, cannot constitute a legal incumbrance. *Spring* v. *Tongue,* 9 Mass. 28.

The liabilities of the corporation cannot be an incumbrance on the shares, unless made so by statute.

The agreed statement of facts shows no authority, on the part of the company, to assess a tax on the shares, or in any way involve the shares for the corporate debts, and the moment they were transferred to plaintiff they ceased to be liable to attachment for any debts, previously contracted. *Andover Turnpike Co.* v. *Gould,* 6 Mass. 40.

The statute only provides that the *stockholders* shall be liable, not that their *shares* shall be holden.

It does not appear that the corporation had assessed any tax upon the shares.

The mere diminution in value of the shares, by reason of the company debts, constitutes no breach of the covenants.

The covenants are only that the seller was the owner of the shares, and that they had not been incumbered by himself or by others, although liable to assessments.

WELLS, J. — The defendant conveyed to the plaintiff two shares in the South Paris Manufacturing Company, by a deed of warranty, containing the usual covenants. It is alleged, that at the time of the conveyance, the assets of the company were not equal to its liabilities. And the parties have submitted to the decision of the Court the qustion, whether this fact would constitute a breach of the covenant, that the shares were free from all incumbrances, at the time of the conveyance. In order to decide this question, we must, in the first place, determine whether the shares are liable for the debts of the corporation.

The act of Feb. 16, 1836, making the shares of stockholders liable for the debts of the corporation, took effect on the day of its passage, by its own provisions. It was operative on all corporations afterwards created.

By the act of March 12, 1834, all public acts were to take effect in thirty days from the recess of the Legislature, unless the provisions of any law should otherwise order.

By the act of March 8, 1821, c. 137, § 6, it is provided, that all acts incorporating manufacturing companies, shall be deemed and taken to be public acts.

The act incorporating the South Paris Manufacturing Company was passed Feb'y 6, 1836, but being made by statute a public act, did not take effect, until thirty days after the recess of the Legislature, and was therefore subject to the provisions of the act of Feb'y 16, which made the shares liable for the corporate debts.

The shares, conveyed by the defendant to the plaintiff, were by law liable for the debts of the corporation, at the time of the conveyance.

It is altogether contingent whether the shares will ever be taken for the debts of the company, and as the assets may rise in value, it may be able to pay all its debts. The stockholders, at the time of the conveyance, may be holden for the debts of the company and be compelled to pay them, and a resort to the shares of the plaintiff may never be had.

In the case of *Spring* v. *Tongue*, 9 Mass. 28, the pew, at the time of the sale, in which the defendant had covenanted, that it was free from all incumbrances, was liable by the act of incorporation, for any assessment, which might be necessary to pay for building the meeting-house. An assessment was made for expenses, which accrued before the purchase by the plaintiff, in building the house, and which were paid by the plaintiff to prevent a sale of the pew. It was decided that this was not an incumbrance, for which the defendant was liable in damages, that the damage to the plaintiff arose from the diminished value of the pews in the general estimation.

It does not appear in the case cited, but that the pews, at the time of the sale to the plaintiff, were equal in value to the amount of the expenses. But in the present case it is stated, that the assets were not equal to the liabilities, at the time of the conveyance.

An incumbrance may exist, although it is uncertain whether it will ever ripen into actual damages, they may be altogether contingent, while the incumbrance is certain and existing.

In *Porter* v. *Noyes*, 2 Greenl. 22, it was held, that an inchoate right of dower was an incumbrance on land, and not a mere possibility or contingency. So also an outstanding mortgage is an incumbrance upon the land, and though undischarged, it is a breach of the covenant against incumbrances. *Sprague* v. *Baker*, 17 Mass. 586.

In the present case, as the shares are liable for the debts of the corporation, which at the time of the conveyance, had not

assets sufficient to discharge them, such liability would be an actual incumbrance upon the shares. But the damages would be but nominal. No actual damage could arise, until the purchaser was disturbed, in the enjoyment of his shares.

According to the agreement of the parties, the action is to stand for trial.